IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01666-REB-PAC

LORENA ROCHA ALVARADO, individually and as mother of CESAR SIMON ROCHA< deceased, et al.,

    Plaintiff(s),

v.

BERNARD D. LOFTUS,
SOUTH PARK MOTOR LINES, INC., a Colorado corporation d/b/a CAST TRANSPORTATION, INC., and
FLEET TRAILER SALES, INC., a Colorado corporation, f/k/a EXPRESS TRAILER OF COLORADO, INC., f/k/a ADVANCED TRAILER LEASING,

    Defendant(s).

---

ORDER RE: DEFENDANT'S MOTION FOR PROTECTIVE ORDER

---

O. Edward Schlatter, United States Magistrate Judge

This case arises out of a motor vehicle accident that occurred on July 23, 2003, resulting in two fatalities.  The matter before the court is Defendant South Park Motor Lines, Inc. d/b/a Cast Transportation, Inc.'s Motion for Protective Order from Plaintiffs' Notice to Take Deposition of Todd Burgman (Doc. #59), filed January 9, 2007.

Todd Burgman was an eyewitness to the accident.  The parties took his discovery deposition on April 4, 2006.  The discovery deadline was June 30, 2006.

On January 8, 2007, plaintiffs advised defendant that they intended to take the videotaped deposition of Mr. Burgman for trial preservation, sometime before January 18, 2007, in Omaha, Nebraska, where Mr. Burgman resides.  Plaintiffs stated that Mr. Burgman, a ship captain, would be "out to sea" beginning January 19, 2007 and would not

return until June 2007.[1]  (Defendant's Motion, Ex. B)

Defendant objects to a second "discovery" deposition of Mr. Burgman as duplicative and an unnecessary expense.  Defendant thus asks the court to quash Plaintiffs' Notice of Intent to Take the Deposition of Todd Burgman.

Trial in this matter is set to commence on April 2, 2007.  Defendant does not challenge the veracity of plaintiffs' representations that Mr. Burgman will be out to sea at that time.

Generally, the use of an evidentiary deposition at trial is appropriate "where the witness is at a greater distance than 100 miles from the place of trial or hearing, . . . unless it appears that the absence of the witness was procured by the party offering the deposition." Fed.R.Civ.P. 32(a)(3)(B).  However, the admission of deposition testimonies is not automatic.  *See Polys v. Trans-Colorado Airlines, Inc.*, 941 F.2d 1404, 1410 (10th Cir. 1991).  The trial court may properly consider surprise to opposing counsel, and whether witness credibility is an issue.  *Id.* (internal citations omitted).

Defendant does not argue that Mr. Burgman has credibility issues that require his presence before the jury.  In any event, plaintiffs intend to videotape Mr. Burgman's deposition so the jury will have some opportunity to assess his credibility.  Moreover, there will not be any undue surprise to the defendant.  Accordingly, it is

**HEREBY ORDERED** that Defendant South Park Motor Lines, Inc. d/b/a Cast Transportation, Inc.'s Motion for Protective Order from Plaintiffs' Notice to Take Deposition

---

[1] Plaintiffs represent that they originally intended to have Mr. Bergman testify at trial, but learned in early January 2007 that Bergman would be "out to sea" from January 19, 2007 through June 2007. (Plaintiffs' Suggestions in Opposition, at 2)

of Todd Burgman (Doc. #59), filed January 9, 2007 is **DENIED**. It is

**FURTHER ORDERED** that plaintiffs may take the videotaped deposition of Todd Burgman in Omaha, Nebraska before January 19, 2007. If the parties encounter difficulties scheduling Mr. Burgman's deposition, they should contact chambers at (303) 844-4892 to schedule a telephonic conference call to resolve the dispute.

Dated January 11, 2007.

                                        BY THE COURT:

                                        s/ O. Edward Schlatter
                                        O. EDWARD SCHLATTER
                                        United States Magistrate Judge