**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No.  05-cv-01666 REB-PAC

LORENA ROCHA ALVARADO,

    Plaintiff,

v.

BERNARD D. LOFTUS, et al.,

    Defendant.

---

**ORDER CONCERNING DEFENDANT'S MOTION TO
EXCLUDE TESTIMONY OF JOHN O. WARD**

---

**Blackburn, J.**

This matter is before the Court on defendant South Park Motor Lines, Inc.'s **Motion To Exclude the Testimony of Plaintiffs' Expert Witness John O. Ward From Trial** [#36], filed June 7, 2006.  The plaintiffs have filed a response, and the defendant has filed a reply.  For the reasons discussed below, the motion is denied.

### A.  BACKGROUND

This case concerns a motor vehicle accident in which two people died.  The decedents were Cesar Rocha and Guadalupe Carmona Hogas.  Cesar Rocha was ten years old at the time of the accident, and Guadalupe Carmona Hogas was seventy-one years old at the time of the accident.  Both decedents were Mexican nationals who were visiting the United States at the time of the accident.  Neither had worked or resided in the United States.  This case concerns wrongful death actions brought by the families of, and on behalf of, both decedents.  The plaintiffs hired Dr. John O. Ward to provide

opinion testimony concerning the economic losses suffered by the decedents' families as a result of the deaths of Rocha and Hogas.

Defendant, South Park Motor Lines, Inc., (South Park) argues that Dr. Ward's opinion is not admissible under Fed. R. Evid. 403 and 702.  South Park asserts that Dr. Ward failed to gather necessary and adequate information concerning the decedents' families to support his opinions about the economic losses the decedents' families will suffer as a result of the deaths of the decedents.  South Park asserts further that Dr. Ward improperly based his opinions on statistics concerning the United States and on the unfounded premise that the decedents would have worked in the United States. Finally, South Park argues that Dr. Ward's opinions improperly are stated in terms of possibilities and potentials, rather than probabilities and certainties.  Thus, South Park argues that Dr. Ward's opinions lack the relevance and reliability required for admission under Fed R. Evid. 702.  South Park asserts also that Dr. Ward's opinions will serve to confuse and mislead the jury, making the opinions inadmissible under Fed. R. Evid. 403. South Park does not challenge Dr. Ward's qualifications to opine about economic losses.

### B.  Fed. R. Evid. 702

Fed. R. Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The standards outlined in Rule 702 implicate, of course, the standards for admission of opinion testimony stated in the so-called **Daubert** trilogy.  **Daubert v. Merrell Dow**

*Pharm.*, 509 U.S. 579 (1993); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).  The court's application of the standards of Rule 702 and the related cases is "a flexible and commonsense undertaking in which the trial judge is granted broad latitude in deciding both how to determine reliability as well as in the ultimate decision of whether the testimony is reliable."  *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000) (internal quotation and citations omitted).

Rule 702 requires that opinion testimony be the product of reliable principles and methods, and that an opinion witness has applied those principles and methods reliably to the facts of the case.  Reliability analysis applies to all aspects of an expert's testimony, including the facts underlying the opinion, the methodology, and the link between the facts and the conclusion drawn. *Heller v. Shaw Indus.*, 167 F.3d 146, 155 (3d Cir.1999). Consequently, the court must make a practical, flexible analysis of the reliability of the testimony, considering relevant factors and the circumstances of the case. *See, e.g., Kumho Tire*, 526 U.S. at 149-52; *Heller*, 167 F.3d at 155.  Generally, four factors are considered relevant in determining whether a proffer of expert testimony is reasonably reliable.  The court must determine whether the expert testimony 1) can be and has been tested; 2) has been subject to peer review and publication; 3) has a known or potential rate for error; and 4) has attained general acceptance in the relevant scientific community.

### C. ANALYSIS

#### 1. Sufficient Facts

South Park argues that Dr. Ward did not have sufficient facts about the two decedents and their families.  Absent sufficient facts, South Park claims, Dr. Ward

3

could not perform a reasonably reliable analysis of the economic losses that will be suffered by the decedents' families. South Park says the only information known to Dr. Ward concerning the decedents' families is the summary information provided in a letter from plaintiffs' counsel to Dr. Ward, dated June 29, 2004. *Motion to exclude*, Exhibit 2. That letter provided Dr. Ward with basic information about the members of the two families, their living circumstances, and the decedents' roles in the two families.

While Dr. Ward's analysis and opinion might be more focused and refined with additional information about the two families, I conclude that the facts provided to Dr. Ward provide a sufficient factual basis for the purpose of Rule 702. To the extent Dr. Ward might have been able to obtain more complete information, that fact goes to the weight to be ascribed to his opinions, not to their admissibility. Such criticisms of Dr. Ward's information do not indicate that Dr. Ward had so little factual information that he could not form a reasonably reliable opinion. Under these circumstances, vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the appropriate means for challenging the factual basis of Dr. Ward's opinions.

2. Reliable Principles and Methods

South Park argues also that Dr. Ward used statistics about the United States for the purpose of calculating the plaintiffs' economic losses, and improperly assumed that both of the decedents would have worked in the United States had they lived. Dr. Ward's reports reflect that he did use a variety of data about the United States, such as growth rates, employment data, wage data, and mortality tables. *Response to motion to exclude*, Exhibits 1 & 2. The decedents lived in Ciudad Juarez, Mexico, and the plaintiffs also live there. Because the plaintiffs live in Mexico, and not in the United

States, South Park argues that Dr. Ward's use of United States statistics amounts to the use of unreliable principles and methods in developing his opinion.

I note that Dr. Ward acknowledges at the conclusion of his reports that the plaintiffs reside in Mexico, and that the calculation of the plaintiffs' economic losses must be converted to Mexican standards. *Response to motion to exclude*, Exhibits 1, p. 12; Exhibit 2, p. 4.  Based on wage data from the United States and Mexico, Dr. Ward calculated an "average adjustment factor to deflate potential economic losses to standards in Mexico."  This conversion certainly is open to question, but I conclude that this conversion constitutes the application of reasonably reliable principles and methods to the facts known to Dr. Ward, and the other analyses made by Dr. Ward.  Under these circumstances, vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the appropriate means for challenging the principles and methods used by Dr. Ward.

### 3.  Potential Losses Versus Probable Losses

South Park notes that, under Colorado law, a plaintiff asserting a wrongful death claim can prove damages only by showing the financial benefit, if any, the plaintiff might reasonably have expected to receive from the decedent had the decedent lived. **Espinoza v. O'Dell**, 633 P.2d 455, 464 (Colo. 1981).  South Park argues that Dr. Ward has calculated only potential losses, and not probable losses.  South Park asserts that Dr. Ward's opinions about potential losses are not admissible because they do not satisfy the applicable standard of proving damages.

Having considered the record as a whole, I conclude that Dr. Ward's reports reflect an opinion concerning the plaintiffs' economic losses calculated to a reasonable

5

degree of probability. Therefore, Dr. Ward's opinions are admissible on the issue of the plaintiffs' economic damages.

### D.  Jury Confusion

Based on the issues outlined above, South Park argues that Dr. Ward's opinions also should be excluded under Fed. R. Evid. 403 because his opinions will confuse the issues and mislead the jury. For the reasons outlined above, I conclude that the probative value of Dr. Ward's opinions is not substantially outweighed by the dangers of unfair prejudice or confusion of the issues.

### D.  ORDER

**THEREFORE IT IS ORDERED** that defendant South Park Motor Lines, Inc.'s **Motion To Exclude the Testimony of Plaintiffs' Expert Witness John O. Ward From Trial** [#36], filed June 7, 2006, is **DENIED**.

Dated March 19, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**